**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EVELYN ALEJANDRO,

        Petitioner,

v.                                                                  No. CV 14-923 WJ/CG

ARLENE HICKSON, et al.,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Petitioner Evelyn Alejandro's *Petition* for writ of habeas corpus ("Petition") filed on October 9, 2014, (Doc. 1), and *Respondents' Answer to Evelyn Alejandro's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* ("Answer"), filed on November 18, 2014. (Doc. 7). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that the Petition be **DISMISSED WITHOUT PREJUDICE**.

**I.     Procedural Background**

Petitioner is an inmate at the New Mexico Women's Correctional Facility. (Doc. 1). On March 22, 2013, Petitioner pled guilty in the District Court for the Third Judicial District of the State of New Mexico ("state district court") to two counts of second-degree drug trafficking by distribution, by way of the *Repeat Offender Plea and Disposition Agreement* ("Plea Agreement"), in the case styled *State of New Mexico v. Alejandro*, Cause No. D-307-CR-201200156. (Doc. 7, Ex. B). In exchange for entering the Plea Agreement, three other drug trafficking charges were dismissed. (*See id.* at 2). On December 18, 2013, the state district court entered the *Judgment, Order and Commitment to the*

*Corrections Department*, ("Judgment"), sentencing Petitioner to nine years of imprisonment followed by a two-year parole period for each trafficking count, to be served concurrently.[1]  (Doc. 7, Ex. A).

Petitioner subsequently filed a *Motion for Reconsideration of Sentence* as to Cause Nos. D-307-CR-2012-00156 and D-307-CR-2013-00924 with the state district court on February 21, 2014. (Doc. 11, Ex. C). In her motion, Petitioner alleged that she was entitled to a reduced sentence because: (i) she should not have been charged with drug trafficking because the weight of the drugs in her possession was less than three grams; (ii) the judge that sentenced her was "prejudice[d] towards drugs"; and (iii) she had been unlawfully entrapped repeatedly by law enforcement agents. (*See id.*) The state district court construed the motion as a petition for writ of habeas corpus pursuant to Rule 5-802 NMRA, and denied the petition on March 6, 2014. (Doc. 7, Ex. D). The state district court noted that there is no minimum weight requirement necessary to support a conviction for drug trafficking by distribution, and that because Petitioner pled guilty she had waived all defenses. *Id.*

On March 17, 2014, Petitioner filed a *Petition for Writ of Certiorari* and a *Motion for Rehearing* with the New Mexico Court of Appeals. (Doc. 7, Ex. K). In the petition for writ of certiorari, the sole issue that Petitioner raised was that there had not been substantial evidence to support the state district court's order. (*Id.* at 2). In support, Petitioner explained that she had misunderstood the terms of the Plea Agreement, her attorney "didn't even show up," and that she believed that by signing the Plea Agreement she

---

[1] The state district court ordered that Petitioner's sentence be served concurrently with those sentences also imposed from Cause Nos. D-307-CR-201300924 and D-307-CR-201300925. (Doc. 7, Ex. A at 2).

would only be sentenced to three years. (*Id.* at 4). Petitioner also alleged in the motion for rehearing that she had misunderstood the terms of the Plea Agreement and been led to believe that she would receive a sentence of three years in exchange for her guilty plea.[2] (*Id.* at 7–9). For the first time in a collateral attack on her conviction, she contended that she had been "found incompetent 2 years ago and I'm still trying to be normal." (*Id.* at 8).

On April 28, 2014, the New Mexico Court of Appeals determined on its own motion that it did not have jurisdiction over Petitioner's appeal from the state district court's order denying her state habeas corpus relief. (Doc. 7, Ex. L). The appeal was transferred to the New Mexico Supreme Court because that court retains exclusive jurisdiction over all habeas appeals pursuant to Rule 5-802(H)(2) NMRA. (*Id.*). The New Mexico Supreme Court summarily denied the petition for a writ of certiorari on May 22, 2014. (Doc. 11, Ex. N).

On October 9, 2014, Petitioner requested habeas review of her conviction in Cause No. D-307-CR-201200156 from this Court, pursuant to 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court construes Petitioner's grounds for habeas relief as follows:

- Grounds 1, 5, and 6: Petitioner argues that her mental incompetence required dismissal of the drug trafficking charges against her, and that she was improperly sentenced as a habitual offender at sentencing, even though prior charges against her were dismissed due to her mental incompetence.
- Grounds 2, 3, 8, 10, and 12: Petitioner's counsel was ineffective because counsel: (i) failed to raise the issue of Petitioner's mental incompetence; (ii) has not provided Petitioner with legal research concerning criminal convictions and mental incompetence; (iii) misrepresented the terms of the Plea Agreement to Petitioner; (iv) had direct knowledge of Petitioner's mental incompetency and permitted her to enter into a Plea Agreement despite that knowledge; and (v)

---

[2] Petitioner did not explain whether she believed the sentence would be for a term of three years imprisonment or probation.

    failed to represent Petitioner to the best of her abilities, provide Petitioner a fair trial, or provide Petitioner a proper defense in violation of Petitioner's due process rights.
- Grounds 7, 9, and 11: The Plea Agreement is invalid because it was made involuntarily. Petitioner did not understand the terms of the Plea Agreement, and was not competent to enter into the Plea Agreement.
- Ground 4: Petitioner's prior cases should not be "held against" her because they are sealed.

(Doc. 1 at 3–4).

Respondents argue, and Petitioner concedes, that none of Petitioner's claims have been exhausted. (*See* Doc. 1 at 13) (answering "No" when Petitioner was asked whether she had presented all of her grounds for habeas relief to the highest state court having jurisdiction). Respondents therefore urge the Court to dismiss the Petition without prejudice. Respondents also contend that a stay and abeyance is improper because Petitioner may still collaterally attack her conviction in state court. (*Id.* at 9–10).

## II.   Standard of Review

Petitioner is a pro se litigant. Her pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

### III.      Analysis: Exhaustion of State Court Remedies

Before a federal district court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A)(2) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism; in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.").

The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Pen'y*, 36 F.3d 1531, 1534 (10th Cir. 1994). A petitioner has not fairly presented her claims unless she has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted her state remedies if she fails to submit those claims to the state's highest court for discretionary review. *See id.* "Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations and alterations omitted). "Fair presentation means that the petition has raised the substance of the federal claim in state court." *Id.* (citing 28 U.S.C. § 2254(c))

(alterations omitted). The petitioner bears the burden of demonstrating that she exhausted all of her claims before the highest state court. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

None of Petitioner's filings for post-conviction relief in the state district court or New Mexico Supreme Court raise any of the claims or allegations set forth in the Petition. *See, e.g., Bland*, 459 F.3d at 1011. Thus, the Court finds that Petitioner's claims are wholly unexhausted.

Respondents urge the Court to decline to stay the Petition and hold it in abeyance, and instead dismiss the Petition without prejudice. When a habeas petition contains entirely unexhausted claims, the petition should be dismissed without prejudice. *United States v. Hickman*, No. 06-6068, 191 Fed. Appx. 756, 757 (10th Cir. Aug. 11, 2006) (unpublished). Traditionally, only mixed petitions are entitled to the stay-and-abeyance procedure authorized by *Rhines v. Weber*, 544 U.S. 269 (2005). *See Hickman*, 191 Fed. Appx. at 757. In this case, none of Petitioner's claims are exhausted, and therefore the Petition is not mixed. Further, stay and abeyance may be appropriate when the district court determines there was good cause for the petitioner's failure to exhaust. *Rhines*, 544 U.S. at 277. However, Petitioner has not shown good cause for failing to exhaust her claims. Therefore, the Court does not find that stay and abeyance is proper.

When determining whether to dismiss a habeas petition for reasons of non-exhaustion, "federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally

barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). There is no statute of limitations in New Mexico that prevents a petitioner from bringing unexhausted claims in a second state habeas petition. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007). Generally, "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, (10th Cir. Feb. 28, 2001) (unpublished) (quoting *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974) for the proposition that "grounds omitted in the prior proceedings are deemed waived."). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Harris*, 524 P.2d at 1336 (citing *Gillihan*, 524 P.2d at 1336). Fundamental error is error that "goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense." *Gillihan*, 524 P.2d at 1337 (citation and internal quotation marks omitted).

Petitioner's allegations potentially "go[] to the foundation or basis of [her] rights." *Gillihan*, 524 P.2d at 1337 (quotation omitted). The New Mexico courts may find that Petitioner's unexhausted claims are not precluded from state review under the doctrine of fundamental error. Because there is a possibility that Petitioner's unexhausted claims may still be reviewed by the New Mexico state courts, the Court finds that Petitioner's unexhausted claims should be dismissed without prejudice so that she may pursue these claims in state court. *See, e.g., Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider

petitioner's claim on the merits"); *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

This Court finds that Petitioner has raised wholly unexhausted habeas claims, and that she may still request review of those claims from the state courts. Therefore, the Court recommends that the Petition be dismissed without prejudice.

### IV. Recommendation

Based on the above analysis, the Court recommends that all of the cognizable claims for habeas relief asserted in the *Petition*, (Doc. 1), be **DISMISSED WITHOUT PREJUDICE**. The Court further recommends that a certificate of appealability be **DENIED**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE